RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/30/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 05-30012 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ANTHONY D. DADE | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion and Order of Modification [Doc. No. 63] filed by Defendant Anthony Dade ("Dade"), *pro se.* Dade moves the Court either to (1) reduce his sentence of imprisonment in a "'rule 35' style of play because of acceptance" or (2) modify his sentence of imprisonment to home or community confinement because his marijuana conviction is a "low risk" offense and he previously complied with his conditions of supervised release by passing all drug tests, paying restitution, remaining at his address, obtaining and holding gainful employment as an automobile salesman, and never owning or carrying a weapon.

The Court originally sentenced Dade on November 7, 2005, to a term of imprisonment of 70 months for committing the offense of distribution of crack cocaine. On March 25, 2008, Dade's term of imprisonment was reduced to 57 months, pursuant to 18 U.S.C. § 3582(c)(2). On October 10, 2008, Dade commenced service of supervised release. While on supervised release, on December 13, 2010, Dade committed the new offense of distribution of marijuana. Accordingly, after a hearing held on April 4, 2011, during which Dade admitted that he committed the new offense, the Court sentenced him to a term of imprisonment of fifteen (15) months.

Dade is also serving a state term of imprisonment based on his underlying offense. Dade

previously moved the Court to modify his term of imprisonment to order that it run concurrently with his state term of imprisonment. However, in its April 5, 2012 Order [Doc. No. 62], the Court explained that it had no authority to grant Dade the relief he requested and denied his motion.

In the instant motion, Dade moves the Court to reduce or modify his sentence pursuant to 18 U.S.C. § 3582(c)(1) because "[e]xtraordinary and compelling reasons warrant such a reduction." [Doc. No. 63].

A district court's authority to reduce or modify a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35. 18 U.S.C. § 3582(c)(1)(B). Section § 3582(c)(1) provides:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
> (A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

(emphasis added). In this case, Dade, not the Director of the Bureau of Prisons, has filed the motion, and the Court has no authority to reduce or modify his term of imprisonment under § 3582(c)(1) or under any other provision of § 3582.

Further, to the extent that Dade contends that the Court can simply reduce his sentence

because of his acceptance of responsibility, Dade is incorrect. For the reasons stated in its April 5, 2012 Order [Doc. No. 62], the Court has no such authority.

Thus,

IT IS ORDERED that Dade's Motion and Order of Modification [Doc. No. 63] is DENIED.

MONROE, LOUISIANA this 30th day of July, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE